■ CAROLE WOODARD, an Infant, by WILLIAM L. WOODARD, Her Guardian ad Litem, Respondent, v. DELAWARE AND HUDSON RAILROAD CORPORATION, Appellant.— Appeal by the defendant from order denying motion to take the testimony of Harold Woodard, father of the infant, in advance of trial. At the time of the accident the infant was two years of age and was found suffering from serious injuries on the right of way of the defendant by Harold Woodard. It was an unwitnessed accident. The defendant wishes to examine the said father, Harold Woodard, concerning location of the child's body and various other matters alleged to be within his knowledge as set forth in paragraph " 8 " of the affidavit of Alfred D. Kelly. We find the matters asked for in the notice of motion to be too broad and too general. However, certain aspects of the examination sought, in our opinion, come within the category of section 288 of the Civil Practice Act, having to do with special circumstances, and we feel that the defendant should have the opportunity of examining Harold Woodard " with respect to the time of the discovery by him of his daughter following the accident, the place of such discovery, the location of the infant plaintiff, the position of her body, head and limbs, the condition of her clothing, marks upon her body or clothing, the appearance of the tracks and surrounding area, the existence of debris and other matter in the area, and any other evidence which would bear on the question of how the accident occurred and the place and time of occurrence." Accordingly the order of the Special Term is modified as set forth above, and in all other respects affirmed, without costs. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.

## FOURTH DEPARTMENT, DECEMBER, 1958

## (December 17, 1958)

■ CAROL BROWN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32608.) — Judgment affirmed, without costs of this appeal to either party. All concur, Kimball, J., not participating. (Appeal from a judgment of the Court of Claims for claimant on a claim for personal injuries alleged to have been sustained by reason of negligent condition of State highway.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.